IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

GEORGE C. ESENSOY, a/k/a )
GEORGE C. ESENSOI )
 )
    Plaintiff, )
 )
 )    Case No.
vs. )
 )    2:05CV1063 - T
 )
 )
 )
 )
 )
H.W. "BUCKY" Mc MILLAN, )
SUE BELL COBB, PAMELA W. BASCHAB )
GREG SHAW, A. KELLI WISE, individually )
and in his/her capacity as justices of the )
Alabama Court of Criminal Appeals )
 )
    Defendants. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**GEORGE ESENSOY**
**7601 FOXFIRE DR.**
**HUNTSVILLE, ALABAMA**
        **35802**

# **TABLE OF CONTENTS**

                                                                                            **Page**

Table Of Contents..................................................................................1

Exhibits..................................................................................................2

Nature Of The Action............................................................................3

Jurisdiction And Venue..........................................................................3

Parties....................................................................................................3

Factual Allegations................................................................................4

Injuries Suffered....................................................................................7

Cause Of Action....................................................................................8

    Count 1-Perjury and Obstruction of Justice

    Count 2-Conspiracy To Violate Due Process

Prayer For Relief...................................................................................9

## **EXHIBITS**

1. Plaintiff's brief on Appeal of his Rule 32 Petition to the Court of Criminal Appeals.

2. The Alabama Law Institute's <u>State of Alabama Indictment And Warrant Manual</u> showing "unlawfully" as an essential element in the indictment, Clerk's Record on Appeal, C-33,34 .

3. Court of Criminal Appeals decision released August 19, 2005.

4. Copy of an actual/typical trafficking indictment containing the term "unlawfully" from Morgan County, Alabama.

## NATURE OF THE ACTION

1. This is an action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C.§ 2201, arising from defendants' violation of the Constitution and laws of the United States. Defendants, acting under color of state law, conspired to deprive the plaintiff of rights, immunities and privileges secured by the Fifth and Fourteenth Amendments to the United States Constitution in violation of 18 U.S.C. § 241.

## JURISDICTION AND VENUE

2. This Court has authority to enter declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. This Court has jurisdiction over plaintiff's claims for relief under 28 U.S.C. §§ 1331 and 1343, and Article III § 2 of the United States Constitution.

4. The Middle District of Alabama is an appropriate venue for this action under 28 U.S.C. § 1391 (b) (2) because the events giving rise to the plaintiff's claims occurred in this district and all of the defendants live in this district.

## PARTIES

5. Plaintiff George Esensoy is serving a 30 year sentence for trafficking in cocaine in the state of Alabama and currently residing at 7601 Foxfire Dr., Huntsville, Alabama, 35802.

3

6. The defendant H.W. "Bucky" Mc Millan is a presiding judge on the Court of Criminal Appeals. Defendants Sue Bell Cobb, Pamela W. Baschab, Greg Shaw, and A. Kelli Wise are all judges on the Court of Criminal Appeals. They are sued individually and in their official capacities.

## FACTUAL ALLEGATIONS

7. The plaintiff filed a Post-Conviction Petition For Relief From Judgement or Sentence and motion for an evidentiary hearing pursuant to Rule 32, <u>Alabama Rules of Criminal Procedure</u> on April 20, 2005 arguing that his trafficking in cocaine indictment was fatally flawed for failing to include the term "unlawfully"and therefore the court was without jurisdiction to render judgement or impose sentence.

8. The trial court summarily denied the Rule 32 Petition on May 27, 2005 and the plaintiff appealed the issue to the Court of Criminal Appeals (see plaintiff's Appeal, Exhibit 1).

9. In the Appeal, dated July 13, 2005, the plaintiff stated the fact that complicity was used as a basis for conviction.

10. In the Appeal, the plaintiff stated that his co-defendant, Mr. Toro, was a confidential informant because all charges against Mr. Toro were "nolle prossed" by the trial court just sixteen days after the plaintiff was sentenced to thirty (30) years in prison.

11. In the Appeal, the plaintiff stated that the Alabama Law Institute's <u>Alabama Indictment And Warrant Manual</u> shows "unlawfully" as an essential element of

4

trafficking in cocaine (see Exhibit 2, Clerk's Record on Appeal C-33,34).

12. In the Appeal, the plaintiff stated that his indictment was fatally defective for failing to include the term "unlawfully" because there is no proof Mr. Toro committed the acts alleged in the indictment "unlawfully" and the inclusion of this term in his indictment makes complicity an invalid basis for conviction. Indictment which allows a conviction based on a non-existent crime is fatally defective

13. In the Appeal, the plaintiff stated under "Summary Of The Argument":

> "The state used a fatally defective indictment to indict its own confidential informant, the Appellant's co-defendant, Mr. Toro. The fact that Mr. Toro had been indicted was announced to the jury by the trial judge and consequently led the jury to believe he was a bona fide co-defendant in the case. The State was thereby allowed to seek a conviction based on an invalid theory of **complicity**..."

14. In the Appeal, the plaintiff stated under "Argument":

> "..Therefore, by the term "unlawfully" missing from the indictment, the State was relieved the burden of having to prove the criminal intent of the Appellant's co-defendant, Mr. Toro, in order to seek a conviction based on **complicity** and impermissibly shifted the burden of proof to the Appellant. The Appellant, in order to defend against the **complicity charge**, was burdened with having to prove the lack of criminal intent on the part of Mr. Toro, i.e. that he was a confidential informant, as an affirmative defense to the charge in the indictment....**A confidential informant who was not buying drugs in a 'reverse sting' operation to commit a crime, but for $3000 buying his way out of criminal prosecution for a stolen car case and an associated gun charge**....After the charges against Mr. Toro were used as a means to conceal his role as a confidential informant and allow for the conviction of the Appellant based on **complicity**, all charges (gun and trafficking) against Mr. Toro were 'nolle prossed' by the trial judge."

15. In the Appeal, the plaintiff stated under "Conclusion"

> "...Clearly there is no evidence that **Mr. Toro possessed the drugs "unlawfully"** for all his charges were "nolle prossed" by the trial judge....According to the fatally

5

defective indictment, the Appellant is guilty thru **complicity** theory, while with the properly worded indictment containing the term "unlawfully" **complicity** is an invalid basis for conviction...."

16. In the Appeal, almost all of the plaintiff's "Statement Of Facts" dealt with complicity and/or the fact that the plaintiff's co-defendant, Mr. Toro, was a confidential informant (see Exhibit 1, pages numbers 2 thru 4).

17. In the Court of Criminal Appeals decision released August 19, 2005 (see Exhibit 3), the defendants denied the plaintiff's Appeal based on the fact that the plaintiff's indictment tracked the language of Alabama Criminal Code, 1975, §13A-12-231(2) and that statute prescribes with definitiveness all the elements of the offense of trafficking in cocaine.

18. The defendants' decision also included the following statement of fact on page 2 of its memorandum opinion falsely alleging the issue the plaintiff argued in his Appeal:

> "Specifically, he contended that the term 'unlawfully' is an essential element of the offense of trafficking in cocaine and that his indictment was defective because it did not allege that **his** actions were done 'unlawfully'."

19. The plaintiff in his "Application For Rehearing" on August 25, 2005 asked the Court to correct the statement in paragraph 18 to read as follows:

> "Specifically, he contended that the term 'unlawfully' is an essential element of the offense of trafficking in cocaine and that his indictment was defective because it did not allege that the **actions of Mr. Toro**, the co-defendant and the confidential informant, who was the principle in the case were done 'unlawfully'."

20. The plaintiff in his "Application For Rehearing" restated that complicity was the used in his conviction and that the State used Mr. Toro as a "dummy" co-defendant in order to

seek a conviction based on complicity.

21. The plaintiff in his "Application For Rehearing" pointed out to the defendants that the <u>State Of Alabama Indictment And Warrant Manual</u> contains the term "unlawfully"and all trafficking indictments in the state of Alabama contain the term "unlawfully".

22. The Court of Criminal Appeals denied the plaintiff's "Application For Rehearing" on September 16, 2005.

23. The plaintiff filed a petition for Writ of Certiorari with the Supreme Court of Alabama on September 23, 2005 and the petition is currently pending in that Court.

## INJURIES SUFFERED

24. The plaintiff was denied Due Process of law when the defendants, acting under the color of state law, treated a pro se litigate unfairly, unconstitutionally, and unlawfully by not granting the plaintiff an evidentiary hearing based on the facts he advanced in his Appeal. According to state law, if a petitioner alleges facts in a Rule 32 petition, if taken to be true, entitles the petitioner to relief, an evidentiary hearing **must** be held. As the Court can clearly see the facts advanced by the plaintiff, if taken to be true, clearly entitles him to relief.

25. The defendants failed to recognize the fact that "unlawfully" is an essential element of trafficking in cocaine based on Alabama Law Institute's interpretation of state law, its acknowledgment by the Administrative Office of the Courts and its universal use in

7

trafficking indictments within the state of Alabama and consequently failed to afford the plaintiff an evidentiary hearing.

26. The defendants' false statement of fact in paragraph 18 made the plaintiff's indictment issue moot and allowed the Court justify its decision to deny the plaintiff's entitlement to an evidentiary hearing.

## CAUSE OF ACTION

### COUNT 1- PERJURY AND OBSTRUCTION OF JUSTICE

27. The justices on the Criminal Court of Appeals, acting under color of state law, committed perjury and obstruction of justice by their statement of fact contained in paragraph 18. The false fact makes the plaintiff's Appeal moot and is inconsistent with and unlike the arguments/statements the plaintiff made implicitly or explicitly in his Appeal. The defendants' false statement of fact is in contravention of Due Process and constitutes obstruction of justice in violation of 18 U.S.C. § 1503.

### COUNT 2- CONSPIRACY TO VIOLATE DUE PROCESS

28. The defendants conspired to violate the plaintiff's Due Process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution by declaring that

8

his indictment was not required to contain the term "unlawfully", even though, every one else charged with the same offense in the state of Alabama has "unlawfully" in their indictments (see Exhibit 4) and Alabama Law Institute in its <u>State of Alabama Indictment And Warrant Manual</u> clearly shows "unlawfully" as an essential element of trafficking in cocaine.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff respectfully prays that this Court:

29. Adjudge and declare that the acts of the defendants violated the plaintiff's Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

30. Declare that "unlawfully" is an essential element of trafficking in cocaine inline with the determination made by the Alabama Law Institute and consistent with the inclusion of "unlawfully" in all trafficking indictments within the state of Alabama.

31. Grant the plaintiff injunctive relief entitling him to an evidentiary hearing in state court regarding the facts he advanced in his Appeal to see whether the trial court was without jurisdiction to render judgment and impose sentence if "unlawfully" were to have been in the plaintiff's indictment.

32. Grant any additional relief as this Court may deem just and proper.

Respectfully submitted this the 1st day of November, 2005.

*George Esensoy*
George Esensoy
7601 Foxfire Drive
Huntsville Alabama, 35802

I have read the foregone complaint and it is correct to the best of my knowledge under penalty of perjury.

*George Esensoy*
George Esensoy