ORIGINAL

## IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JUL 13 20__
Cer Rcvd: 7/14/05

| | |
|---|---|
| GEORGE C. ESENSOY, a/k/a )<br>GEORGE C. ESENSOI )<br> )<br> Petitioner, )<br> )<br>v. )<br> )<br> )<br>STATE OF ALABAMA )<br> )<br> Respondents. )<br> ) | Case No. CR-04-1794 |

---

### ON APPEAL FROM THE CIRCUIT COURT OF
### CULLMAN COUNTY, ALABAMA
### (CC-95-220.61)

---

### BRIEF OF APPELLANT

GEORGE ESENSOY
7601 FOXFIRE DR.
HUNTSVILLE, ALABAMA
35802

# EXHIBIT 1

## TABLE OF CONTENTS

Table of Contents............................................................................... i

Explanation of Record References and Source of Exhibits...................................... ii

Table of Authorities........................................................................... iii

Statement of the Case.......................................................................... v

Statement of Issue Presented for Review........................................................ 1

Statement of Facts............................................................................. 2

Statement of Standard of Review................................................................ 5

Summary of the Argument........................................................................ 6

Argument....................................................................................... 7

Conclusion..................................................................................... 10

Certificate of Service......................................................................... 12

## EXPLANATION OF RECORD REFERENCES AND SOURCE OF EXHIBITS

### Record Designations

**C1-** References to the Clerk's Record on Appeal on First  Rule 32, Appeal CR-98-1685

**C-** References to the Clerk's Record on Appeal on Second Rule 32, Appeal CR- 04-1794

### Source Of Exhibits In The Rule 32 Petition

**Exhibit 1-** (C1-30)

**Exhibit 2-**Alabama Law Institute

**Exhibit 3-** page 1- ( C1-177), page 2-(C1-166), page 3-(C1-167)

**Exhibit 4-** (C1-173)

**Exhibit 5-** (C1-179)

**Exhibit 6-** On Direct Appeal, Appellant's Motion Under Rule 10(g) To Supplement The

Record On Appeal, Exhibit C, filed April 4,1997.  Appeal Case No. CR -96- 0181.

**Exhibit 7-** Trial Transcript (R)

ii

# TABLE OF AUTHORITIES CITED

**CASE**                                                          **PAGE**

Elliott v. State, 601 So.2d 1118 (Ala. Crim. App. 1992)            5

Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985)                   10

Ex parte Edwards, 816 So.2d 98 (Ala. 2001 )                        9

Ex parte Graddick, 501 So.2d  444 (Ala. 1986)                      2

Ex parte Johnsey, 384 So.2d 1189 (Ala. 1980)                       2

Ex parte Pierce, 851 So.2d 606 (Ala. 2000)                         9

Gipson v. State, 375 So.2d 504 (Ala. Crim. App. 1978)              2

Gunn v. Newsome, 881 F.2d 949 (11th Cir. 1989)                     8

Mayberry v. State, 419 So.2d 262 (Ala. Crim. App. 1982)            2

Smith v. State, 581 So.2d 1283 (Ala.Crim. App. 1991)              10

U.S. v. Fox, 130 F.2d 56                                          10

U.S. v. Italiano, 837 F.2d 1480 (11th Cir. 1988)                   9

U.S. v. Scott, 993 F.2d 1520 (11th Cir. 1993)                      7

Whitaker v. State, 686 So.2d 1262 (Ala. Crim. App. 1995)          10

iii

Alabama Criminal Code, 1975, Title 13A-12-231(2)a          2,7.

Alabama Criminal Code, 1975, Title 13A-12-231(13)          3.

Fifth Amendment, United States Constitution                9.

The State Of Alabama Indictment And Warrant Manual         2,7.
Volume I Criminal Code, Title 13A, August 1 1998,  page 12-40

## STATEMENT OF THE CASE

This is an appeal from the denial of a Post-Conviction Petition For Relief From Judgment Or Sentence, filed pursuant to Rule 32, <u>Alabama Rules of Criminal Procedure</u> and the denial of a request for a hearing thereon.

On June 27, 1996 the Appellant was adjudged guilty of the offense of trafficking in cocaine (C1-2,43). On September 20, 1996, Appellant , by and through counsel, filed a Motion For New Trial Or Arrest of Judgment with the trial court (C1-44-49). This Motion was denied on September 24, 1996. On October 24,1996,  Appellant , by and through counsel, filed a Notice of Appeal to the Alabama Court of Criminal. On September 26, 1997 ( C1-51), the Court entered a decision affirming the decision of the trial court (C1-52-57,59). An Application For Rehearing was filed with the Court on behalf of Appellant and denied by the Court on October 31, 1997 (C1-58). A Petition For Writ of Certiorari to the Alabama Supreme Court was also denied.

On February 12, 1999, Appellant, by through counsel, filed a Petition For Relief From Conviction Or Sentence, pursuant to Rule 32, <u>Alabama Rules Of Criminal Procedure,</u> with trial court (C1-123-192). On April 19, 1999, the State filed a Response thereto (C1-11-29). On May 25, 1999, the trial court denied all of the grounds asserted by Appellant in the post-conviction petition for relief and hearing thereon, except that of "juror misconduct"(C1-5). A notice of appeal of this ruling was filed by Appellant on

v

June 2, 1999 and a brief on appeal was filed on October 5, 1999 (CR-98-1685). On

October 28, 1999, a brief hearing was held before the trial court on the single issue of

"juror misconduct". On November 1, 1999, the trial court issued an Order, denying the

Rule 32 petition, with respect to the issue of " juror misconduct". On December 2,

1999, Appellant, by and through counsel, filed a separate notice of appeal on the sole

issue of the trial court's denial of the Rule 32 petition on the grounds of " juror

misconduct". On January 13, 2000, the Court of Criminal Appeals consolidated the two

appeals (CR-99-0941). On August 18, 2000, the Court of Criminal issued a Memorandum

Opinion, affirming the decision of the trial court. An Application For Rehearing and Rule

39(k), A.R.App.P., Motion For Additional/Corrected Facts were filed with the Court of

Criminal Appeals on September 1, 2000 and both were denied/overruled by the Appellate

Court. From this decision a Petition For Writ of Certiorari was filed with the Supreme

Court of Alabama on November 21, 2000 . The petition was denied by the Court on

March 23, 2001.

The Appellant filed a writ of Habeas Corpus in the United States District Court For

the Northern District of Alabama on March 22, 2002. The writ was denied on March 18,

2005.

On April 19, 2005,  the Appellant filed a second Rule 32 Petition For Relief From

Conviction Or Sentence pursuant to Alabama Rules of Criminal Procedure on the grounds

that the trial court lacked jurisdiction to render judgment and impose sentence due to a fatally defective indictment. The State filed for a Motion For Summary Judgment/Motion To Dismiss on May 20, 2005. The Appellant filed a response to the Motion on May 26, 2005. The petition was denied by the trial court on May 27, 2005.

## <u>STATEMENT OF THE ISSUE PRESENTED FOR REVIEW</u>

THE TRIAL COURT REVERSIBLY ERRED IN SUMMARY DENYING THE APPELLANT'S RULE 32 PETITION AND HIS MOTION FOR AN EVIDENTIARY HEARING WHEN THE APPELLANT'S CLAIM; THAT THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR IMPOSE SENTENCE DUE TO THE FACT THAT THE INDICTMENT USED IN HIS CONVICTION WAS FATALLY FLAWED FOR FAILING TO ALLEGE THAT THE PRESCRIBED ACTS WERE DONE *"UNLAWFULLY"*; WAS MERITORIOUS ON ITS FACE.

1

## STATEMENT OF THE FACTS

1. The Appellant's indictment reads as follows (C-32):

> George Coskun Esensoi, Alias George C. Esensay, whose name is otherwise
> unknown to the Grand Jury, did, while in Cullman County, Alabama, knowingly
> sell, manufacture, deliver or bring into this State, or was **knowingly** in actual or
> constructive possession of 28 grams or more of cocaine or of any mixture
> containing cocaine, but less than 500 grams, in violation of Title 13A-12-231
> (2)a of the Code of Alabama, in said county, against the peace and dignity of the
> State of Alabama.

2. Alabama Law Institute's <u>State Of Alabama  Indictment And Warrant Manual</u> reads

as follows (C-33,34):

> (The Grand Jury of said County charges that before the finding of this indictment,)
> A.B., whose name is otherwise unknown to the (Grand Jury) (Complaint), did
> **unlawfully and knowingly** sell, manufacture, deliver or bring into this state, or
> knowingly have in actual or constructive possession 28 grams or more, of cocaine
> or of any mixture containing cocaine, in violation of section 13A-12-231 of Code
> of Alabama (, against the peace and dignity of the State of Alabama).

3. The following facts establish that Mr. Toro, the co-defendant, was a confidential

informant in the case:

> a. Sixteen days(16) after the Petitioner was sentenced to 30 years in prison, all charges
> (gun and trafficking) against Mr. Toro were "nolle prossed" by the trial court judge
> (C-35,36,37). Alabama is one of a number of states that does not have a general
> statute authorizing prosecuting attorneys to grant immunity from prosecution. <u>Ex
> parte Graddick,</u> 501 So.2d 444 (Ala. 1986), <u>Ex parte Johnsey,</u> 384 So.2d 1189. The
> legislature has specifically set out those instances in which immunity may be
> conferred upon a potential defendant. District Attorneys are utterly without
> authority and power to grant immunity from arrest or prosecution for violating state
> law. See <u>Gipson v. State,</u> 375 So.2d 504 (Ala. Crim. App 1978). Also "Alabama has
> not embraced the estoppel theory to uphold non-statutory grants of immunity". See
> <u>Mayberry v. State,</u> 419 So.2d 262 (Ala. Crim. App. 1982) and <u>Gipson v. State,</u>
> supra. Since Mr. Toro did not testify against the Petitioner, the only plausible

2

explanation for the dismissal of his charges is that Mr. Toro committed no crime in his role as a confidential informant.

b. Mr. Toro had a prior stolen car case for which he was never arrested nor charged. A deal was made on the stolen car case for him and his attorney to cooperate with law enforcement (C-47).

c. Mr. Toro's gun charge was a mere misdemeanor (C-36). Alabama Criminal Code, 1975, Title 13A-12-231, section (13) makes a possession of a firearm a five year enhancement to a trafficking offense. Mr. Toro did have a legitimate gun charge, but it originated from the stolen car case. Mr. Toro was arrested on the gun charge March 3, 1995 some twenty-six days prior to March 29, 1995, the date of the instant case (C-38). In order to escape criminal prosecution for that offense, he brought a gun to the drug deal so that he could be arrested for a misdemeanor gun charge. The gun charge was subsequently transferred to the instant case and presented to the grand jury so that it could be easily dismissed by the trial judge.

d. Mr. Bloodworth, the arresting officer, referred to the Appellant as the "primary target" (C-48).

e. During the Appellant's trial on June 27, 1996, Mr. Toro was supposedly arrested on a grand jury warrant. Within a few hours of his supposed arrest, his bond was reduced back to its original amount by a Motion For a Bond Reduction submitted by the D.A. and granted by the trial judge (C-39).

f. The judge testified that the grand jury warrant had not been executed because the sheriff's department had not been able to locate Mr. Toro. The real reason was that the warrant had been held in the D.A.'s office (C-41). The D.A. kept the warrant in his office so that Mr. Toro's case could be kept on hold until such time the Appellant presented himself for trial. During trial, the arrest warrant executed so it could be used as a means to deceive the jury into thinking that Mr. Toro was a bona fide co-defendant thereby allowing the State to obtain a conviction based on the invalid theory of complicity.

g. Mr. Wilcox, the contract informant, testified that Mr. Toro and him arranged to purchase cocaine from the Cullman City Police Department (C-46).

4. The trial judge testified to the following during trial giving the false inference that Mr. Toro was a bona fide co-defendant in the case (C-48A, see Clerk's Supplemental Record dated July 8, 2005 ):

"For the record, ladies and gentlemen, Mr. Toro is in the sheriff's department being arrested at this time on the grand jury warrant. I did set a bond which was increased bond from what he had previously made on that case in district court, and therefore the warrant had to go down to the clerk's office for him to be rearrested. Apparently, the sheriff's department had not been able to locate him and didn't know that he was in court on Monday, and he is here today and he has presented himself for arrest and he is downstairs being arrested on a case charging him with trafficking in cocaine. Mr. Bates you're excused, Mr. Line, you may proceed."

5. The jury was given the following complicity charge ( Alabama Criminal Code, 1975,

Title 13A-2-23) in addition to the trafficking charge (C-49,50):

"A person is legally accountable for the behavior of another person constituting a crime if, with intent to promote or assist the commission of the commission of the crime, he either procures, induces or causes such person to commit the crime or aides or abets such person in committing the crime or has a legal duty to prevent the commission of the crime and fails to make such effort as he is legally required to make to prevent it. In this case there has been no testimony or evidence presented as to any legal duty, so you can disregard that portion of it."

4

## STANDARD OF REVIEW

The standard of review on appeal is whether the trial judge abused his discretion when he

denied the Petition. Elliott v. State, 601 So.2d 1118 (Ala. Crim. App. 1992).

## SUMMARY OF THE ARGUMENT

The State used a fatally defective indictment to indict its own confidential informant, the Appellant's co-defendant, Mr. Toro. The fact that Mr. Toro had been indicted was announced to the jury by the trial judge and consequently led the jury to believe he was a bona fide co-defendant in the case. The State thereby was allowed to seek a conviction based on an invalid theory of complicity. After the charges against Mr. Toro were used as a means to conceal his role as a confidential informant and allow a conviction of the Appellant based on complicity, the charges against him were conveniently "nolle prossed" by the trial court judge. The dismissal of his charges coming just sixteen (16) days after was the Appellant was sentenced to thirty (30) years in prison.

6

## **ARGUMENT**

The appellant asserts that his indictment fails to state an offense because its missing an essential element of the offense the term "unlawfully". Cocaine is used in the field of medicine and referred to as "pharmaceutical cocaine". Dentists, pharmacists, doctors, nurses, chemists and those who are legally prescribed for the drug are able "lawfully" and "knowingly" to be in actual or constructive possession of the drug. Naturally, law enforcement officials and those individuals that assist law enforcement such as confidential and contract informants can also possess the drug "lawfully". These individuals have a "legal excuse or justification" for possessing the drug as an agent of the state. In U.S. v. Scott, 993 F.2d 1520 (11th Cir. 1993), the Court noted that when an act prescribed in the indictment can be done "lawfully" or "unlawfully", then "unlawfully" is an essential element in the indictment. The Appellant's indictment fails to show whether the alleged acts were done legally or illegally, wherefore this indictment does not allege a cognizable offense. The term "knowingly" by itself fails to convey criminal intent and must be coupled with the term "unlawfully". This short coming was recognized by the Alabama Law Institute and in its  The State of Alabama Indictment  And Warrant Manual it clearly shows "unlawfully" as an essential element of trafficking in cocaine. In Alabama there must be a guilty principle in order to be guilty of of complicity, see Alabama Criminal Code, 1975, Title 13A-2-23. Therefore, by the term "unlawfully" missing from the indictment, the State was relieved the burden of having to

7

prove the criminal intent of the Appellant's co-defendant, Mr. Toro, in order to seek a conviction based on complicity and impermissibly shifted the burden of proof to the Appellant. The Appellant, in order to defend against the complicity charge, was burdened with having to prove the lack of criminal intent on the part of Mr. Toro, i.e. that he was a confidential informant, as an affirmative defense to the charge in the indictment. In essence the Appellant had to prove his innocence by proving the innocence of his co-defendant. In Gunn v. Newsome, 881 F.2d 949 (11th Cir 1989) the Court ruled "[s]tate may not shift to accused issue of intent, effectively requiring accused prove lack of intent when intent is element of crime charged". Also, the fatally defective indictment made it possible for the State to arrest, charge, and indict its own confidential informant . A confidential informant who was not buying drugs in a "reverse sting" operation to commit a crime, but for $3000 buying his way out of criminal prosecution for a stolen car case and an associated gun charge. During the appellant's trial, the fact that Mr. Toro had been indicted was announced to the jury by the trial judge. Consequently the jury was led to believe that Mr. Toro was a bona fide co-defendant and faced prosecution thereby allowing the State to obtain a conviction based on complicity. After the charges against Mr. Toro were used as a means to conceal his role as a confidential informant and allow for the conviction of the Appellant based on complicity, all charges (gun and trafficking) against Mr. Toro were "nolle prossed" by the trial judge. The dismissal of his charges coming just sixteen days after the Appellant was sentenced to thirty(30) years in prison.

8

In <u>U.S. v. Italiano</u> , 837 F.2d 1480 (11th Cir. 1988) the Court noted that in order to satisfy the Fifth Amendment, an indictment must contain all the elements of the crime in order for the grand jury to determine probable cause and return a true bill.

The State incorrectly implies that the Appellant is raising a claim of "newly discovered evidence". In <u>Ex parte Pierce</u>, 851 So.2d 606 (Ala. 2000) the Court noted that even though a petitioner may not prevail on a claim of "newly discovered material evidence", he or she might be able to prove ineffective assistance of counsel based on the factual setting involved. The Appellant is supporting his jurisdictional issue with evidence discovered after trial showing how the fatally defective indictment prejudiced his case. The State also incorrectly argues that the indictment tracks the language of the statute and therefore is not fatally defective. In <u>Ex parte Edwards</u>, 816 So.2d 98 (Ala. 2001) the Court ruled that Edwards indictment was fatally flawed because it "did not describe a necessary culpable mental state", 816 So.2d at 109. The Court deemed the Edwards indictment fatally flawed even though it tracked the language in the statute.

9

## CONCLUSION

The facts in the case show overwhelming evidence that Mr. Toro, the co-defendant, was a confidential informant and the charges against him were trumped -up using a fatally defective indictment. Clearly there is no evidence that Mr. Toro possessed the drugs "unlawfully" for all his charges were "nolle prossed" by the trial judge. In <u>U.S v. Fox</u>, 130 F.2d 56 the Court ruled "nolle prosequi was not the equivalent of acquittal, that neither guilt nor innocence of the co-conspirator had been established". According to the fatally defective indictment, the Appellant is guilty thru complicity theory, while with the properly worded indictment containing the term "unlawfully" complicity is an invalid basis for conviction. It is incontrovertible that the indictment used in the Appellant's case is fatally defective. There is no doubt that the facts advanced by the Appellant warrant relief. It is well settled that when a petition contain matters which, if true, would entitle the petitioner to relief on a post-conviction motion, an evidentiary hearing must be held, <u>Whitaker v. State</u>, 686 So.2d 1262 (Ala. Crim. App. 1995), <u>Smith v. State</u>, 581 So.2d 1283 (Ala. Crim. App. 1991), and <u>Ex parte Boatwright</u>, 471 So.2d 1257 (Ala. 1985).

The Appellant respectfully moves this Honorable Court, upon due consideration, to reverse the decision of the lower Court and remand with instructions to grant the Rule 32 Post-Conviction Petition For Relief From Conviction Or Sentence, or, in the alternative, grant unto him a new trial.

**10**

Respectfully submitted this the _13_ day of _July_, 2005.

                                    _George Esensoy_
                                    George Esensoy
                                    7601 Foxfire Dr.
                                    Huntsville, Alabama 35802

11

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Attorney General for

the State of Alabama, State House, 11 South Union Street, Montgomery Alabama, 36104

and the Honorable Wilson Blaylock, District Attorney, Cullman County Courthouse, 500

2nd Avenue S. W., Cullman, Alabama, 35055, by placing a copy of same in the United

States Mail, postage prepaid, address as above, each his last known address, on this the

_13_ day of _July_, 2005.

George Esensoy
7601 Foxfire Dr.
Huntsville, Al 35802

12