Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

> RELEASED
>
> AUG 19 2005
>
> CLERK
> ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1794                    Cullman Circuit Court CC-95-220.61

### George Coskun Esensoi v. State of Alabama

SHAW, Judge.

George Coskun Esensoi appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his June 1996 conviction for trafficking in cocaine and his resulting sentence of 30 years' imprisonment. This Court affirmed Esensoi's conviction and sentence on appeal in an unpublished memorandum issued on September 26, 1997. See Esensoi v. State, (No. CR-96-0181) 725 So. 2d 1077 (Ala. Crim. App. 1997) (table). The Alabama Supreme Court denied certiorari review and this Court issued a certificate of judgment on February 13, 1998.

Esensoi filed his Rule 32 petition on April 20, 2005. In

– **EXHIBIT 3** –

his petition, Esensoi alleged that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he said, his indictment was defective. <u>Specifically, he contended that the term "unlawfully" is an essential element of the offense of trafficking in cocaine and that his indictment was defective because it did not allege that his actions were done "unlawfully."</u> After receiving a response from the State, the circuit court summarily denied the petition on May 27, 2005.

The indictment alleged that Esensoi:

"did, while in Cullman County, Alabama, knowingly sell, manufacture, deliver or bring into this State, or was knowingly in actual or constructive possession of 28 grams or more of cocaine or of any mixture containing cocaine, but less that 500 grams, in violation of Title 13A-12-231(2)a of the Code of Alabama."

(C. 32.) Section 13A-12-231(2) provides:

"(2) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as 'trafficking in cocaine.'"

Rule 13.2(a), Ala.R.Crim.P., provides that an indictment "shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment." In Alabama, "'[a]n indictment is sufficient if it substantially follows the language of the statute violated, provided the statute prescribes with definitiveness the elements of the offense.'" <u>Travis v. State</u>, 776 So. 2d 819, 836 (Ala. Crim. App. 1997), aff'd, 776 So. 2d 874 (Ala. 2000), cert. denied, 531 U.S. 1081 (2001), quoting <u>Breckenridge v. State</u>, 628 So. 2d 1012, 1015-16 (Ala. Crim. App. 1993).

Crim. App. 1993).

In this case, the indictment tracked the language of § 13A-12-231(2) and that statute prescribes with definitiveness the elements of the offense of trafficking in cocaine. The term "unlawfully" is not included in § 13A-12-231(2); thus, the indictment is not required to contain the term "unlawfully" in order to charge an offense under § 13A-12-231(2). The indictment was valid; therefore, the trial court had jurisdiction to render the judgment and to impose the sentence.

Based on the foregoing, the circuit court's summary denial of Esensoi's petition was proper. The judgment of the circuit court is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab and Wise, JJ., concur.