IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| GEORGE C. ESENSOY, a/k/a GEORGE C. ESENSOI | * |
| | * |
| Plaintiff, | |
| | * |
| v. | CIVIL ACTION NO. 2:05-CV-1063-T |
| | *       (WO) |
| H.W. "BUCKY" MCMILLAN, *et al.*, | |
| | * |
| Defendants. | |
| | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

George C. Esensoy, a/k/a George C. Esensoi ("Plaintiff") brings this fee-paid civil action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201. According to the complaint, Plaintiff is serving a 30 year sentence for cocaine trafficking. He complains that the defendants – the current justices of the Alabama Court of Criminal Appeals – denied him due process of law by failing to grant him an evidentiary hearing on appeal from the denial of his state post-conviction petition.[1] Plaintiff asserts the following causes of action against the named defendants as a result of their affirmance of the

---

[1] On September 20, 1996 the Circuit Court for Cullman County, Alabama, found Plaintiff guilty of cocaine trafficking. The Alabama Court of Criminal Appeals affirmed Plaintiff's conviction on September 26, 1997. Plaintiff filed a Rule 32 petition on February 12, 1999. Proceedings in the lower court concluded on November 1, 1999. Plaintiff appealed the denial of his Rule 32 petition which the Alabama Court of Criminal Appeals affirmed on August 18, 2000. Plaintiff filed a second Rule 32 petition on April 19, 2005 alleging that the trial court lacked jurisdiction to render judgment and impose sentence due to a fatally defective indictment. The trial court denied the petition on May 27, 2005. The instant action arises from the Alabama Court of Criminal Appeals' August 19, 2005 decision to affirm the lower court's ruling on Plaintiff's second Rule 32 petition. (Doc. No. 1, Exhs. 1, 4.)

trial court's decision to deny his Rule 32 petition, *Alabama Rules of Criminal Procedure*, without first affording him an evidentiary hearing:

• Defendants committed perjury and obstruction of justice by failing to correctly identify Plaintiff's issue on appeal thereby making Plaintiff's appeal of his second Rule 32 petition moot and inconsistent with and unlike the argument and/or statements made by Plaintiff in his appeal.

• Defendants conspired to violate Plaintiff's Due Process rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution when they held that his indictment for cocaine trafficking was not required to contain the term "unlawfully" even though such term is an essential element of the offense.

## I. DISCUSSION

It is well established that this court has broad, inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, sham, vexatious, or brought in bad faith. 1 Moore's Federal Practice, ¶ 0.60[6] at 639-40 (2d ed. 1975) ; *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*). This broad, inherent power, not limited or impaired by Rule 12(b), "may be invoked at any time

during the process of the action." 1 Moore's, *supra*, at 640.

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity and the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity

exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57.

A review of Plaintiff's allegations against Defendants does not compel the conclusion that they acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson*, *supra*, Court, recognized as necessitating the doctrine of judicial immunity. In disagreement with the decisions reached at the state court level, this *pro se* litigant has turned to this forum to assert allegations of unconstitutional and conspiratorial acts against state court judges. Because judicial immunity precludes Plaintiff's recovery against Defendants, *sua sponte* dismissal of Plaintiff's claims against these Defendants is appropriate.

Notwithstanding the doctrine of judicial immunity, the court finds that, in essence, Plaintiff's complaint seeks to appeal and overturn a decision made by an Alabama state court. Thus, the court finds that dismissal of this action is also appropriate on the ground that it does not have the authority to review final judgments of a state court in judicial proceedings. Rather, such review may be had only in the United States Supreme Court. 28 U.S.C. § 1257. Under the *Rooker-Feldman* doctrine,[2] a determination must be made as to whether a plaintiff's suit seeks constitutional review of a rule or statute that was relied upon

---

[2] The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine"), that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only Court that may review a state court's judicial decisions. 28 U.S.C. § 1257(a).

4

by the state court or, instead, contends that the state court committed a constitutional error in arriving at its decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Brown & Root, Inc., v. Breckenridge*, No. 99 Civ. 1831, slip op. at 4-5 (4th Cir. May 2, 2000). A district court has jurisdiction to hear suits concerning the former but not the latter. *Id*. The court finds that the instant case falls within the second category.

Here, Plaintiff's allegations of constitutional violations are directed solely at perceived error by the appellate state court in reaching its decision in an appeal of a Rule 32 petition. Such constitutional claims are obviously "inextricably intertwined" with the state court decisions in a judicial proceeding. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings, even if those challenges allege that the court's action was unconstitutional. *Feldman*, 460 U.S. at 486-87; *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995) (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

"[O]nce a case is litigated in state court, a federal district court does not have jurisdiction to review it." *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003).[3] While Plaintiff couches his complaint in terms of constitutional violations, the essence of his complaint concerns adverse rulings he received in state court in his post-conviction proceedings. These claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," because his federal claims succeed "only to the extent that the state court[s] wrongly decided the issues before [them]." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*. Accordingly, this court lacks jurisdiction to render any judgment over Plaintiff's claims.

As the allegations contained in the instant complaint are either patently frivolous and/or the court lacks jurisdiction over them, the undersigned finds that it would be a futile use of judicial and other resources to proceed with such claims simply because Plaintiff has paid the civil filing fee. Consequently, the court finds that the complaint should be dismissed *sua sponte* in its entirety.

---

[3]The *Schmitt* court held:

> We have interpreted *Rooker-Feldman* to ask whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional.

*Schmitt*, 324 F.3d at 486.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED *sua sponte* in its entirety as frivolous and for lack of subject matter jurisdiction.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 19, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of December 2005.

                                        **/s/ Delores R. Boyd**
                                        DELORES R. BOYD
                                        UNITED STATES MAGISTRATE JUDGE