<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>MIDDLE DISTRICT OF ALABAMA</u>
<u>MONTGOMERY DIVISION</u>

RECEIVED
2005 DEC -7

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GEORGE C. ESENSOY, a/k/a ) | |
| GEORGE C. ESENSOI ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:05cv1063 |
| vs. ) | |
| ) | |
| H.W. "BUCKY" Mc MILLAN, ) | |
| SUE BELL COBB, PAMELA W. BASCHA ) | |
| GREG SHAW, A. KELLI WISE, individually ) | |
| and in his/her capacity as justices of the ) | |
| Alabama Court of Criminal Appeals ) | |
| ) | |
| Defendants. ) | |

<u>DECLARATION OF GEORGE ESENSOY</u>

# EXHIBIT 5

The plaintiff, George Esensoy, hereby declares the following:

1. The plaintiff submitted the following statements in his rule 32 petition to the trial court regarding the issue of complicity:

> PAGE 3
> "The term "unlawfully" missing from the Petitioner's indictment was especially **critical** in this case because the jury was charged with complicity (R-498,499). Clearly one cannot be guilty of complicity without a guilty principle, see Alabama Criminal Code, 1975, Title 13A-2-23. Therefore, by the term 'unlawfully' missing from the indictment, the State was relieved the burden of having to prove the criminal intent of Mr. Toro, the co-defendant, and impermissibly shifted the burden of proof to the Petitioner. Without criminal intent Mr. Toro commits no crime."

> PAGE 4
> " The testimony of the trial judge coupled with the false inferences from the State's witnesses led the jury to believe that Mr. Toro was a bona fide co-defendant and possessed the drugs 'unlawfully', and thereby allowed the State to obtain an improper conviction of the Petitioner based on the theory of complicity."

> PAGE 5
> "During trial, the arrest warrant [grand jury indictment] was executed so it could be used as a means to deceive the jury into thinking that Mr. Toro was a bona fide co-defendant thereby allowing the State to obtain an improper conviction based on the theory of complicity."

2. The plaintiff submitted the following statement to the trial court in his "Reply To State's Motion For Summary Judgment/Motion To Dismiss" regarding the issue of complicity, filed at 11:44 a.m., May 27th, 2005 a few hours before 3:34 p.m. when the trial judge entered summary judgment:

> PAGE 2
> "During the Petitioner's trial, the fact of Mr. Toro's indictment was announced

1

to the jury by the trial judge (R-406). Consequently the jury was led to believe that Mr. Toro was a bona fide co-defendant and faced criminal prosecution and thereby allowing the State to obtain a conviction based on the invalid theory of complicity. After the charges against Mr. Toro were used as a means to obtain conviction of the Petitioner based on complicity, all charges against Mr. Toro (gun and trafficking) were "nolle prossed" by the trial court judge. The dismissal of his charges coming just sixteen (16) days after the Petitioner was sentenced to thirty (30) years in prison."

I declare under penalty of perjury that the foregone is true and correct executed at Huntsville, Alabama on this the 5th day of December, 2005.

*George Esensoy*
George Esensoy

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Attorney General for the State of Alabama, State House, 11 South Union Street, Montgomery Alabama, 36104 and the defendants, the justices on the Criminal Court of Appeals, at 300 Dexter Avenue, P.O. Box 301555, Montgomery, Alabama, 36130-1555, by placing a copy of same in the United States Mail, postage prepaid, address as above, each their last known address, on this the 5th day of December, 2005.

*George Esensoy*
George Esensoy
7601 Foxfire Drive
Huntsville, Alabama
35802

2