RECEIVED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
2005 DEC 16 MONTGOMERY DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| GEORGE C. ESENSOY, a/k/a<br>GEORGE C. ESENSOI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:05-CV-1063-T |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| H.W. "BUCKY" Mc MILLAN, | ) | |
| SUE BELL COBB, PAMELA W. BASCHAB | ) | |
| GREG SHAW, A. KELLI WISE, individually | ) | |
| and in his/her capacity as justices of the | ) | |
| Alabama Court of Criminal Appeals | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTION TO RECOMMENDATIONS OF THE MAGISTRATE JUDGE

GEORGE ESENSOY
7601 FOXFIRE DR.
HUNTSVILLE, ALABAMA
35802

## INTRODUCTION

The Magistrate judge, Delores R. Boyd, on December 6th , 2005, has submitted to the Court a "Recommendation Of Magistrate Judge"(referred from now on as RMJ) dismissing the Plaintiff's complaint sua sponte in its entirely as frivolous and for lack of subject matter. The Plaintiff pursuant to 28 U.S.C. 636 (b) (1) objects to the facts, findings, legal theories and conclusions contained in the RMJ. The Plaintiff asserts the following regarding the issues in the RMJ:

    A. Absolute Immunity argument does not apply to the Plaintiff's complaint.

        1. The defendants have acted outside their scope of judicial authority when they declared that "unlawfully" was not an essential element of trafficking in cocaine, a ruling in conflict with the Alabama Law Institute's State of Alabama  Indictment and Warrant Manual. See Complaint, Exhibit 3.

        2. Declaratory and injunctive relief are available based on Pulliam v. Allen, 466 U.S. 522 (1984).

    B. Rooker-Feldman doctrine does not apply to the Plaintiff's complaint.

        1. Defendants acted outside their judicial capacity.

        2. Perjury is an illegal act and is an "independent claim" and consequently is not subject to the doctrine.

        3. Equal protection under the law, class of one, is an "independent claim"and relates to a general state law issue and consequently is not subject to the doctrine.

Especially disappointing in the RMJ was that it completely ignored the recent Supreme Court decision in Exxon Mobile v. Saudi Basic Industries, 544 U.S.____ (2005), decided March 30, 2005, clarifying the Rooker-Feldman doctrine.

## OBJECTIONS TO THE FACTS, LEGAL ARGUMENTS AND CONCLUSION IN THE RECOMMENDATIONS

**1. RMJ (pg 2) erroneously states the causes of action.**

Causes of action should read as follows as stated in the Complaint, ¶s 27,28 :

¶27. COUNT 1- PERJURY AND OBSTRUCTION OF JUSTICE

The justices on the Criminal Court of Appeals, acting under color of state law, committed perjury and obstruction of justice by their statement of fact contained in paragraph 18. The false fact makes the Plaintiff's Appeal moot and is inconsistent with and unlike the arguments/statements the Plaintiff made implicitly or explicitly in his Appeal. The defendants' false statement of fact is in contravention of Due Process and constitutes obstruction of justice in violation of 18 U.S.C. § 1503.

¶28. COUNT 2- CONSPIRACY TO VIOLATE DUE PROCESS

The defendants conspired to violate the Plaintiff's Due Process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution by declaring that his indictment was not required to contain the term "unlawfully", even though, every one else charged with the same offense in the state of Alabama has "unlawfully" in their indictments (see Exhibit 4) and Alabama Law Institute in its State of Alabama Indictment And Warrant Manual clearly shows "unlawfully" as an essential element of trafficking in cocaine.

**2. RMJ (pg 4) erroneously states "[i]n disagreement with the decision reached at the state court level, this pro se litigate has turned to this forum to assert allegations of**

-2-

unconstitutional and conspiratorial acts against state court judges".

The state law allows a person convicted of a crime to raise a jurisdictional issues at any time. State law issues cannot be raised in writ of habeas corpus in federal court. See Hunt v. Tucker, 875 F. Supp. 1487 (N.D. Ala 1995). That doesn't mean that the defendants can commit perjury and violate federal rights in order to deny the Plaintiff's Appeal. Basic to any democracy is to treat people equally, yet the Plaintiff was denied the basic of human rights by not having the opportunity to see whether the term "unlawfully" in his indictment would have made a difference in his case when everyone else in the state of Alabama charged for the same offense has "unlawfully" in their indictments (see Complaint, Exhibit 4). What the Magistrate Judge implies is that the Plaintiff is a sore looser desperately looking for federal courts for relief. Actually the Plaintiff is outraged by the conduct of the defendants because of their illegal and conspiratorial actions were so brazen and flagrant that it shocks the conscious. Since they didn't expect any recourse in federal court, they thought they could get away with denying a pro se litigate the basic right to be treated equally as other Alabama citizens charged with the same offense.

## ABSOLUTE IMMUNITY

3. **RMJ (pgs 3,4) erroneously argues that the defendants enjoy absolute immunity.** The defendants when they ruled that "unlawfully" was not an essential element of trafficking in cocaine did not commit a judicial act but a legislative act. In Stump v. Sparkman, 435 U.S. at 362, the Court states that an act is judicial if it is one "normally

-3-

performed by a judge". The defendants have no authority to make laws, that duty is exclusively reserved for the state legislature. The Alabama Law Institute is a legislative agency and according to their web site, the Institute states "our purpose is to clarify and simplify the laws of Alabama, to revise laws that are out-of-date and fill in gaps in the law where there exist legal confusion". Also, Alabama Code 1975, Section § 29-8-5, regarding the Institute states "[i]ts reports, studies and recommended publications shall be printed and shall be distributed by the Secretary of State in the same manner as acts of the legislature". Therefore when a state legislative agency has determined that "unlawfully" is an essential element of trafficking in cocaine (Complaint, Exhibit 3) and its Manual is distributed as an official state document of the Alabama state legislature, then the defendants had no judicial authority to declare that "unlawfully"is not an essential element of trafficking in cocaine within the state of Alabama.

4. **RMJ (pg 4) erroneously states that, "[b]ecause judicial immunity precludes Plaintiff's recovery against Defendants, sua sponte dismissal of Plaintiff's claims against these Defendants is appropriate"**.

In Pulliam v. Allen, 466 U.S. 522 (1984), the Court ruled that declaratory and injunctive relief is available under 42 U.S.C. § 1983 for suit filed against a state judge.

### Rooker-Feldman Doctrine

5. **RMJ (pg 4) erroneously applies the Rooker-Feldman doctrine to cases, such as**

-4-

**Plaintiff's, where there is no opportunity to raise federal Constitutional violations**.

The Plaintiff challenges the general applicability of the doctrine in cases like his. The

Supreme Court of Alabama denied the Plaintiff's Writ of Certiorari on November 10,

2005. The highest court in the state of Alabama has determined that the Plaintiff's

indictment was not jurisdictionally defective. When a sufficiency of an indictment is

squarely presented to the state's highest court and that court had held that the trial court

had jurisdiction over the case, the issue is foreclosed to federal habeas court. See <u>Hunt v.

Tucker</u>, supra. Consequently, there is no federal remedy for a violation of federal rights

whenever the violators so far have succeeded in corrupting the state judicial process.

The Supreme Court has expressed the view that unavailability of habeas statute may fit

within 42 U.S.C. § 1983's broad reach. <u>Spencer v. Kemma</u>, 523 U.S. 1, 21-22, (1998)

(Ginsburg J., concurring).

6. **RMJ (pg 4) erroneously states, "Plaintiff's complaint seeks to appeal and
overturn a decision by an Alabama state court."**

The Plaintiff is raising three "independent claims", equal protection under the law, class

of one, defendants acted outside their judicial capacity, and perjury, that denies a legal

conclusion of an Alabama state court. These kind of claims are not jurisdictional bars

under Rooker-Feldman. See <u>Exxon Mobile</u>, 125 S.Ct. at 1527.

7. **RMJ (pgs 4,5) erroneously argues that the Plaintiff suit does not fall into the
category of a constitutional review of a state rule or statute.**

The Plaintiff in his "Prayer For Relief" (Complaint ¶ 30) asks the Court to "[d]eclare that 'unlawfully' is essential element of trafficking in cocaine inline with the determination made by the Alabama Law Institute and consistent with the inclusion of 'unlawfully' in all trafficking indictments within the state of Alabama". In essence, not to declare otherwise would violate the Plaintiff's Constitution right of equal protection under the law, class of one, and procedural due process. Clearly an indictment is state law issue which is in the same category as state rules and statutes. As Justice Brenner explained in Feldman, constitutional challenges to state statutes or rules, and in the Plaintiff's case an indictment, are not attacks on state court judgments. Feldman, 460 U.S. at 486.

**8. RMJ (pg 5) erroneously states, "Plaintiff allegations of constitutional violations are directed solely at perceived error by the appellate state court in reaching its decision in an appeal of a Rule 32 petition".**

Clearly, claim made by the Plaintiff of perjury cannot be considered error. In Noel v. Hall, 341 F.3d at1164 the Court stated, "[i]f, on the other hand, a federal Plaintiff asserts as a legally wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. The Plaintiff in his Complaint ¶ 27 states that the defendants committed perjury in order to make the Plaintiff's indictment issue moot thereby denying the Plaintiff adjudication on the merits the issue he presented in his Appeal. According to state law, when a Rule 32 is denied summarily, the defendants were required to do a de novo review of the issue the Appellant presented in his Appeal. The

-6-

defendants committed perjury in order to make the Plaintiff's indictment issue moot and

was probably instrumental in the Supreme Court of Alabama denying the Plaintiff's Writ

of Certiorari. The Plaintiff presents the following incontrovertible evidence that the

defendants committed perjury (compare A to B):

A. <u>In the Complaint, Exhibit 1, page 2</u>
   "...In his petition...Specifically, **he contended** that the term 'unlawfully' is an
   essential element of the offense of trafficking in cocaine and that his indictment
   was defective because it did not allege that **his actions** were done 'unlawfully'"

B. <u>In the Declaration of George Esensoy ( Exhibit 5)</u>
   The Plaintiff submitted the following statements in his rule 32 petition to the
   trial court regarding the issue of complicity:

   <u>PAGE 3</u>
   "The term 'unlawfully' missing from the Petitioner's indictment was especially
   **critical** in this case because the jury was charged with **complicity** (R-498,499).
   Clearly one cannot be guilty of complicity without a guilty principle, see
   Alabama Criminal Code, 1975, Title 13A-2-23. Therefore, by the term
   'unlawfully' missing from the indictment, the State was relieved the burden of
   having to prove the criminal intent of Mr. Toro, the co-defendant, and
   impermissibly shifted the burden of proof to the Petitioner. **Without criminal
   intent Mr. Toro commits no crime**."

   <u>PAGE 4</u>
   "The testimony of the trial judge coupled with the false inferences from the
   State's witnesses led the jury to believe that Mr. Toro was a bona fide co-
   defendant and possessed the drugs 'unlawfully', and thereby allowed the State
   to obtain an **improper conviction of the Petitioner based on the theory of
   complicity.**"

   <u>PAGE 5</u>
   "During trial, the arrest warrant [grand jury indictment] was executed so it could
   be used as a means to deceive the jury into thinking that Mr. Toro was a bona
   fide co-defendant thereby **allowing the State to obtain an improper
   conviction based on the theory of complicity**."

Also in the Complaint, ¶s 9 thru 16, the Plaintiff provides excerpts/arguments from his
Appeal reiterating the facts/arguments raised in his Rule 32 Petition, basically that
complicity was an improper basis for conviction because there was no proof that Mr.
Toro, the co-defendant, committed the acts alleged in his indictment "unlawfully". If the
defendant's would have applied the law to the alleged facts, the Plaintiff would have been
entitled to an evidentiary hearing, instead the defendants claimed that the Plaintiff
"contended" that he was the principle in the case making the whole indictment issue
moot. Especially egregious was the defendants' use of the term "**he contended**"as if the
Plaintiff actually made the such an argument. If one looks at the Complaint, Exhibit 1
(copy of the Plaintiff's Appeal), pgs 2 thru 4, "Statement of Facts", the Court will see
that all these facts were presented to the trial court and almost all of them relate to the fact
that Mr. Toro, the co-defendant, was a confidential informant or complicity was used as a
basis for conviction. Logic/futility would dictate that neither one of these issues would
have been necessary in a Rule 32 Petition if the Plaintiff had argued that he was the
principle in the case.

9. **RMJ (pg 6) erroneously concludes that the Court lacks jurisdiction to render any
judgment over the plaintiff's claims as a result of the Rooker-Feldman doctrine.**
The RMJ completely left out the most important and recent Supreme Court case
clarifying the limited application of the Rooker-Feldman doctrine, Exxon Mobile v. Saudi
Basic Industries, supra. Significant for federal jurisdiction if not for the ultimate success

-8-

of federal-court Plaintiffs, that a district court is not stopped from exercising jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal Plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion", Exxon Mobile, 125 S.Ct. at 1527. If the doctrine poses no jurisdictional bar "simply because a party attempts to litigate in federal court a matter previously litigated in state court,", Exxon Mobile, 125 S.Ct. at 1527, it is hard to see how it would do so when the matter had not been litigated in state court, as in the Plaintiff's case. Equal protection under the law, class of one, defendants acting outside their judicial authority, and perjury were not raised in the Plaintiff's Appeal of his Rule 32 petition, nor could they have been, because the federal violations were the result of actions taken by the defendants. In Powell v. Powell, 80 F.3d 464,466-67 (11th 1996) the Court stated "Rooker-Feldman does not apply to claims that litigate had no reasonable opportunity to raise in state court".

Respectfully submitted this the 14th day of December, 2005.

*George Esensoy*

George Esensoy
7601 Foxfire Drive
Huntsville Alabama,35802

-9-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Attorney General for the State of Alabama, State House, 11 South Union Street, Montgomery Alabama, 36104 and the defendants, the justices on the Criminal Court of Appeals, at 300 Dexter Avenue, P.O. Box 301555, Montgomery, Alabama, 36130-1555, by placing a copy of same in the United States Mail, postage prepaid, address as above, each their last known address, on this the 14th day of December, 2005.

George Esensoy
7601 Foxfire Drive
Huntsville, Alabama
35802