## INTRODUCTION

The Magistrate judge, Delores R. Boyd, on December 6th, 2005, has submitted to the Court a "Recommendation Of Magistrate Judge"(referred from now on as RMJ) dismissing the Plaintiff's complaint sua sponte in its entirely as frivolous and for lack of subject matter. The Plaintiff pursuant to 28 U.S.C. 636 (b) (1) objects to the facts, findings, legal theories and conclusions contained in the RMJ. The Plaintiff asserts the following regarding the issues in the RMJ:

   A. Absolute Immunity argument does not apply to the Plaintiff's complaint.

   1. The defendants have acted outside their scope of judicial authority when they declared that "unlawfully" was not an essential element of trafficking in cocaine, a ruling in conflict with the Alabama Law Institute's State of Alabama Indictment and Warrant Manual. See Complaint, Exhibit 2.

   2. Declaratory and injunctive relief are available based on Pulliam v. Allen, 466 U.S. 522 (1984).

   B. Rooker-Feldman doctrine does not apply to the Plaintiff's complaint.

   1. Defendants acted outside their judicial capacity.

   2. Perjury is an illegal act and is an "independent claim" and consequently is not subject to the doctrine.

   3. Equal protection under the law, class of one, is an "independent claim"and relates to a general state law issue and consequently is not subject to the doctrine.

Especially disappointing in the RMJ was that it completely ignored the recent Supreme Court decision in Exxon Mobile v. Saudi Basic Industries, 544 U.S.____ (2005), decided March 30, 2005, clarifying the Rooker-Feldman doctrine.

The Plaintiff in his "Prayer For Relief" (Complaint ¶ 30) asks the Court to "[d]eclare that 'unlawfully' is essential element of trafficking in cocaine inline with the determination made by the Alabama Law Institute and consistent with the inclusion of 'unlawfully' in all trafficking indictments within the state of Alabama". In essence, not to declare otherwise would violate the Plaintiff's Constitution right of equal protection under the law, class of one, and procedural due process. Clearly an indictment is state law issue which is in the same category as state rules and statutes. As Justice Brenner explained in Feldman, constitutional challenges to state statutes or rules, and in the Plaintiff's case an indictment, are not attacks on state court judgments. Feldman, 460 U.S. at 486.

8. **RMJ (pg 5) erroneously states, "Plaintiff allegations of constitutional violations are directed solely at perceived error by the appellate state court in reaching its decision in an appeal of a Rule 32 petition".**

Clearly, claim made by the Plaintiff of perjury cannot be considered error. In Noel v. Hall, 341 F.3d at 1164 the Court stated, "[i]f, on the other hand, a federal Plaintiff asserts as a legally wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." The Plaintiff in his Complaint ¶ 27 states that the defendants committed perjury in order to make the Plaintiff's indictment issue moot thereby denying the Plaintiff adjudication on the merits the issue he presented in his Appeal. According to state law, when a Rule 32 is denied summarily, the defendants were required to do a de novo review of the issue the Appellant presented in his Appeal. The

defendants committed perjury in order to make the Plaintiff's indictment issue moot and was probably instrumental in the Supreme Court of Alabama denying the Plaintiff's Writ of Certiorari. The Plaintiff presents the following incontrovertible evidence that the defendants committed perjury (compare A to B):

A. <u>In the Complaint, Exhibit 3, page 2</u>
"...In his petition...Specifically, **he contended** that the term 'unlawfully' is an essential element of the offense of trafficking in cocaine and that his indictment was defective because it did not allege that **his actions** were done 'unlawfully'"

B. <u>In the Declaration of George Esensoy ( Exhibit 5)</u>
The Plaintiff submitted the following statements in his rule 32 petition to the trial court regarding the issue of complicity:

<u>PAGE 3</u>
"The term 'unlawfully' missing from the Petitioner's indictment was especially **critical** in this case because the jury was charged with **complicity (R-498,499)**. Clearly one cannot be guilty of complicity without a guilty principle, see Alabama Criminal Code, 1975, Title 13A-2-23. Therefore, by the term 'unlawfully' missing from the indictment, the State was relieved the burden of having to prove the criminal intent of Mr. Toro, the co-defendant, and impermissibly shifted the burden of proof to the Petitioner. **Without criminal intent Mr. Toro commits no crime.**"

<u>PAGE 4</u>
"The testimony of the trial judge coupled with the false inferences from the State's witnesses led the jury to believe that Mr. Toro was a bona fide co-defendant and possessed the drugs 'unlawfully', and thereby allowed the State to obtain an **improper conviction of the Petitioner based on the theory of complicity.**"

<u>PAGE 5</u>
"During trial, the arrest warrant [grand jury indictment] was executed so it could be used as a means to deceive the jury into thinking that Mr. Toro was a bona fide co-defendant thereby **allowing the State to obtain an improper conviction based on the theory of complicity.**"