IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2006 MAR -1  A 9: 51

| | |
|---|---|
| GEORGE C. ESENSOY, a/k/a ) | |
| GEORGE C. ESENSOI ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:05-CV-1063-WKW |
| vs. ) | |
| ) | |
| H.W. "BUCKY" Mc MILLAN, ) | |
| SUE BELL COBB, PAMELA W. BASCHAB ) | |
| GREG SHAW, A. KELLI WISE, individually ) | |
| and in his/her capacity as justices of the ) | |
| Alabama Court of Criminal Appeals ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT
## PURSUANT TO RULE 59(e)

Comes now the Plaintiff, George Esensoy, hereby moves to alter or amend this Court's judgment order dated February 22, 2006 dismissing the Plaintiff's Complaint for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine. A Court may grant a motion to alter or amend a final judgment under Fed.R.Civ.P. 59(e) if the plaintiff points to evidence in the record which clearly establishes manifest error of law or fact or to prevent manifest injustice. Based on numerous recent Circuit Court case law clarifying

-1-

the Supreme Court ruling in Exxon Mobile Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005), coupled with the relevant facts in the case, the Plaintiff respectfully request that this Court reconsider its ruling and as a basis provides the following:

1. In Dornheim v. Sholes, 430 F.3d 919 (8th Cir. 2005) the Court stated the following:

> "Since the court's ruling, the Supreme Court has confined application of the Rooker-Feldman doctrine to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the court proceedings commenced and inviting district court review and rejecting of those judgments.' Exxon Mobile Corp. v. Saudi Basic Indus., 125 S.Ct. 1517, 1521-22 (2005). The basis for the Rooker/Feldman doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction and by statute they are precluded from serving as appellate courts to review state judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257. Id. at 1526. **Exxon Mobile makes clear that the Rooker/Feldman doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended.** See Id. At 1527 ('[N]either Rooker nor Feldman supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court'); see also Mothershed v. Justices of Supreme Court, 410 F.3d 602, 604-05 n.1 (9th Cir. 2005)(determination whether state-court proceedings were complete as the first step of a post-Exxon Mobile Rooker/Feldman analysis). **There is no judgment to review if suit is filed in federal court prior to completion of the state-court action. Rather, '[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.'** Exxon Mobile, 125 S.Ct. at 1527."

2. In the Plaintiff's Complaint filed November 3, 2005, ¶ 23 states:

> ¶23. The Plaintiff filed a petition for Writ of Certiorari with the Supreme Court of Alabama on September 23, 2005 and the petition is **currently pending in that Court**.

3. In the Plaintiff's "Amendment To The Complaint", filed November 17, 2005, the Plaintiff informed the Court that the Supreme Court of Alabama denied Writ of Certiorari

on November 10, 2005, seven (7) days after the Complaint was filed . This fact was also noted on page 5, "Plaintiff's Objection To Recommendations Of The Magistrate Judge". At the time that the Plaintiff commenced this federal action, the state court adjudication was not complete for purposes of Rooker-Feldman. See <u>Mothershed</u>, 410 F.3d at 604-05 n.1 (noting that the state-court proceeding has ended for Rooker/Feldman purposes when the state supreme-court denied the plaintiff request for a writ of mandamus); <u>Federacion de Maestros de Puerto Rico v. Junta de Relaciones Trabajo del Puerto Rico</u>, 410 F.3d 17, 24 & n.10 (1st Cir. 2005)(concluding that the state proceeding has ended when it becomes appealable under § 1257 because the highest state court has issued its final decision, or when the lower state-court ruling otherwise carries preclusive effect, such as when the parties allow the time for appeal to lapse without filing an appeal in state court).

4. Based on the foregone facts and case law, the Plaintiff concludes that any effect that the state court ruling might have on this federal action is limited to the application of preclusion law, and state-court adjudications did not divest Federal District Court jurisdiction under the Rooker-Feldman doctrine. See <u>Exxon Mobile</u>, 125 S.Ct. at 1527. Consequently the Court erred in holding that it lacked jurisdiction to consider the Plaintiff's Complaint.

Respectfully submitted this the 27th day of February, 2006.

George Esensoy
7601 Foxfire Drive
Huntsville, Al 35802

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the Attorney General for the state of Alabama, State House, 11 South Union Street, Montgomery Alabama, 36104 and the defendants, the justices on the Criminal Court of Appeals, at 300 Dexter Avenue, P.O. Box 301555, Montgomery, Alabama, 36130-1555, by placing a copy of same in the United States Mail, postage prepaid, address as above, each their last known address, on this the 27th day of February, 2006.

*George Esensoy*
George Esensoy
7601 Foxfire Drive
Huntsville, Al 35802