[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 06-12580
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01063-CV-W-N

GEORGE C. ESENSOY,

           Plaintiff-Appellant,

versus

H. W. BUCKY MCMILLAN,
SUE BELL COBB,
PAMELA W. BASCHAB,
GREG SHAW,
A. KELLI WISE,
individually and in their capabilities
as justices of the Alabama Court of
Criminal Appeals,

           Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(January 31, 2007)

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

George Esensoy ("Appellant"), a state prisoner proceeding pro se, appeals the district court's dismissal for lack of subject matter jurisdiction of his 42 U.S.C. § 1983 civil complaint seeking declaratory and injunctive relief. Although the district court may have applied the Rooker-Feldman[1] doctrine prematurely, we affirm the district court's dismissal because Appellant's claims are barred under Heck v. Humphrey, 114 S. Ct. 2364 (1994).

Appellant was convicted of trafficking cocaine in Alabama state court and received a sentence of 30 years' imprisonment. On direct appeal, the Alabama Court of Criminal Appeals affirmed the conviction, and the Supreme Court of Alabama denied certiorari. Appellant later filed a petition for relief in the state trial court,[2] claiming his criminal indictment was defective because it did not include the term "unlawfully," which Appellant argues is an essential element of his crime. After the state trial court denied the petition, Appellant appealed to the Alabama Court of Criminal Appeals, which affirmed the denial of the petition and

---

[1] The Rooker-Feldman doctrine generally "provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000).

[2] Appellant filed an Ala. R. Crim. P. 32 Post-Conviction Petition for Relief from Judgment or Sentence and a Motion for an Evidentiary Hearing, both of which the state trial court denied.

later denied Appellant's application for rehearing.³ The Supreme Court of Alabama then denied Appellant's certiorari on 11 November 2005.

Eight days earlier, on 3 November 2005, Appellant filed a pro se § 1983 action in federal district court against the five judges of the Alabama Court of Criminal Appeals ("Defendants"), alleging that the judges (1) "committed perjury and obstruction of justice" by not correctly identifying Appellant's argument on appeal; and (2) conspired to violate Appellant's due process rights by failing to declare that the term "unlawfully" was a necessary element of his crime that should have been included in the indictment.⁴ The district court adopted the report of the magistrate judge, which recommended that the district court dismiss Appellant's complaint sua sponte on two grounds: (1) lack of subject matter jurisdiction under the Rooker-Feldman doctrine; and (2) judicial immunity.⁵ After

---

³The Alabama Court of Criminal Appeals determined that because the language of the indictment tracked the language of the trafficking statute, the indictment was therefore valid.

⁴In Appellant's complaint, he seeks (1) a declaration that Defendants violated his due process rights; (2) a declaration that "unlawfully" is an essential element of his offense; and (3) injunctive relief entitling him to an evidentiary hearing in state court to prove that failure to include the term "unlawfully" in his indictment deprived the state court of jurisdiction to render judgment.

⁵Because Appellant did not ask for damages, judicial immunity protects Defendants in this case only to the extent Appellant requests injunctive relief. In Pulliam v. Allen, 104 S. Ct. 1970 (1984), the Supreme Court concluded that judicial immunity is not a bar to demands for injunctive relief against state judges. Congress abrogated Pulliam, however, by passing the Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), which amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

an independent review, the district court determined that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine and dismissed the complaint with prejudice.

We review a district court's determination that it lacks subject matter jurisdiction de novo. Singleton v. Apfel, 231 F.3d 853, 856 (11th Cir. 2000).

We are inclined to believe that dismissal is improper under the Rooker-Feldman doctrine. But Appellant's claims are barred by Heck v. Humphrey, 114 S. Ct. 2364 (1994), and we affirm on that basis. In Heck, the Supreme Court concluded that in a § 1983 action, if a judgment in favor of a state prisoner "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the [prisoner] can demonstrate that the conviction or sentence has already been invalidated." Heck, 114 S. Ct. at 2372.[6] We have said that "declaratory or injunctive relief claims which are in the nature of habeas corpus claims -- i.e., claims which challenge the validity of the claimant's

---

declaratory relief was unavailable." Because Appellant specifically requests declarative relief, judicial immunity protects the Defendants only from Appellant's request for injunctive relief. But § 1983 does not explicitly bar Appellant's request for declaratory relief.

[6]Although the plaintiff in Heck sought only damages, the Supreme Court has said that dismissal under the principles announced in Heck may be appropriate regardless of the kind of relief sought. Wilkinson v. Dotson, 125 S. Ct. 1242, 1248 (2005).

conviction or sentence and seek release -- are simply not cognizable under § 1983." Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).[7]

In this case, recognizing Appellant's claims as cognizable would necessarily imply the invalidity of his conviction because it would undermine the validity of the underlying indictment. The basis of Appellant's claims against the judges of the Alabama Court of Criminal Appeals is that they refused to declare that the term "unlawfully" was an essential element of his offense and that his indictment was therefore defective. What Appellant essentially seeks by filing this § 1983 action is for a federal court to exercise direct appellate review over state criminal courts. Appellant specifically asks for a federal district court to declare that "unlawfully" was an essential element of his state criminal offense and that he is entitled to a hearing in state court to prove this legal theory. Granting such relief would contradict the purpose of the rule in Heck: "to limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Id. at 1065 (citing Heck, 114 S. Ct. at 2371).

---

[7] In Abella, we applied Heck to a Bivens claim against federal judges and officials for conspiracy to convict and concluded that a judgment in favor of the prisoner would necessarily imply that the prisoner's conviction was invalid. Abella, 63 F.3d at 1063, 1065-66.

"[W]e may affirm the district court as long as the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." <u>Ochran v. United States</u>, 273 F.3d 1315, 1318 (11th Cir. 2001) (citation and quotation marks omitted). Because Appellant's § 1983 claim would necessarily imply the invalidity of his conviction and because Appellant cannot demonstrate that his conviction already has been invalidated, Appellant's claims are barred under <u>Heck</u>. Therefore, the district court's judgment dismissing Appellant's complaint is

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia